# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

RANCE CAESAR HILL,         )
)
         **Plaintiff,**   )    **No. CV 08-03834 CAS (AJW)**
)
       **v.**      )    **MEMORANDUM AND ORDER DISMISSING**
)    **FIRST AMENDED COMPLAINT**
LEE BACA,  et al.,      )    **WITH LEAVE TO AMEND**
)
        **Defendants.**   )
_____)

    After his complaint was dismissed with leave to amend, plaintiff, a state prisoner proceeding <u>pro se</u> and <u>in forma pauperis</u>, filed a first amended complaint ("FAC") under 42 U.S.C. § 1983 and Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12132, against Los Angeles County Sheriff Lee Baca ("Baca"), Los Angeles County deputy sheriffs, a nurse employed at the Los Angeles County Jail, and Jane Doe. [FAC 3, 4a-4c[1]]. Defendants are sued in their individual and official capacities. For the reasons described below, the first amended complaint is dismissed with leave to amend. Plaintiff has three options:

(1)    Plaintiff **may continue this action in this court** by filing a document labeled **"Second Amended Complaint"** bearing case number CV08-03834 CAS (AJW) within **twenty-one (21) days** of the date of this order. The second amended complaint should attempt to correct the deficiencies in plaintiff's claims noted below.  Plaintiff **may not add any new claims or new defendants** to his second

---

      [1]    The complaint includes three pages between pages three and six that lack page numbers.  Those pages are cited as pages 4a, 4b, and 4c.

amended complaint (other than naming a person sued as a "Doe" defendant in the prior complaint).

(2)     Plaintiff **may file a "Notice of Intent Not to Amend Complaint"** within **twenty-one (21) days** of the date of this order.  The timely filing of a notice of intent not to amend will be construed as an indication that plaintiff wishes to challenge dismissal of the complaint by seeking appellate review of this order in the Ninth Circuit Court of Appeals.  If the court receives timely written notice of plaintiff's intent not to file an amended complaint, this action will be dismissed with prejudice, and plaintiff will be free to appeal the order of dismissal.  See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-1066 (9th Cir. 2004); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

(3)     Plaintiff **may do nothing in response to this order**.  If plaintiff does not respond to this order by filing either a timely amended complaint or a notice of intent not to amend, plaintiff will be deemed to have consented to the dismissal of this action with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with this court's order.  See Edwards, 356 F.3d at 1063-1066.

**Plaintiff is cautioned that failure to file an amended complaint within the time permitted by this order may result in the dismissal of this action with prejudice, as explained above.**

### Plaintiff's Allegations

The complaint alleges as follows. On February 5, 2008, while in the custody of the Los Angeles County Sheriff, plaintiff slipped and fell, injuring his back, head, and left hand.  The cause of plaintiff's injuries was "neglect" by the Sheriff, because there was water in front of plaintiff's cell from a broken "chase." [FAC 5].  On February 9, 2008, plaintiff, who was unable to walk, was "assaulted and thr[own] out of his wheel chair" by Los Angeles County sheriff's deputies. [FAC 5].  Plaintiff was then "rolled on a lunch cart by" sheriff's deputies, who continued to yell racial slurs, threw plaintiff to the floor of the cell, denied him food for one day, and denied shower, soap, and toothpaste for five. Plaintiff was "then denied medical treatment by Nurse Placencia . . . ." [FAC 4b]. Plaintiff alleges violations of his rights under the Americans With Disabilities Act (the "ADA"), 42 U.S.C. § 12132, and the Eighth Amendment. He seeks monetary and injunctive relief. [FAC 6].

///

1      **Standard governing dismissal of complaints under 28 U.S.C. §§ 1915(e), 1915A**

2      The court "shall" dismiss a complaint in a civil action in which a prisoner is proceeding in forma

3      pauperis, or seeks relief against a governmental entity or officer or employee of a governmental entity, if

4      the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks

5      monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A(b); see

6      also 42 U.S.C. § 1997e(c)(1).

7      A complaint fails to state a claim upon which relief can be granted if it does not contain "enough

8      facts to state a claim for relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

9      570 (2007), and thereby fails to "raise a reasonable expectation that discovery will reveal evidence" to

10     support the plaintiff's claim. Twombly, 550 U.S. at 545. "A claim has facial plausibility when the plaintiff

11     pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

12     the misconduct alleged." Ashcroft v. Iqbal, — U.S.—, 129 S.Ct. 1937, 1949 (2009)(quoting and citing

13     Twombly, 550 U.S. at 556, 570). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief

14     requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

15     will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the

16     assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S.

17     at 555  (internal quotation marks and ellipsis omitted).  "Where a complaint pleads facts that are merely

18     consistent with a defendant's liability, it stops short of the line between possibility and plausibility of

19     entitlement to relief." Iqbal, 129 S.Ct. at 1949 (internal quotation marks omitted)(quoting Twombly, 550

20     U.S. at 557).

21     The court must accept as true all factual allegations contained in the complaint. That principle,

22     however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action,

23     supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1950. A complaint filed pro

24     se, however, is "to be liberally construed," and "however inartfully pleaded, must be held to less stringent

25     standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).

26     **Section 1983 pleading standard**

27     Plaintiff has the burden of pleading and proving each essential element of his section 1983 claims.

28

3

See Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir.), cert. denied, 522 U.S. 996 (1997); Leer v. Murphy, 844 F.2d 628, 632-633 (9th Cir. 1988).  A section 1983 plaintiff "must plead two essential elements": (1) the defendants acted under color of state law, and (2) the defendants caused plaintiff to be deprived of a right secured by the Constitution and laws of the United States.  Johnson, 113 F.3d at 1117.

**Slip and fall**

Plaintiff alleges that he was injured after slipping and falling in water from a broken "chase" in front of his cell in a Los Angeles County jail.  Plaintiff alleges that Baca's "neglect" caused his injury. He also alleges that the California Department of Corrections and Rehabilitation ("CDCR") is liable for "sign[ing] [him] over to L.A. Sheriffs, where slipped and fell injury was caused."  [FAC 5].

The FAC does not identify any federal right violated by Baca's alleged negligence. "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."  Daniels v. Williams,  474 U.S. 327, 328, 106 S.Ct. 662, 663 (1986).  In addition, plaintiff has alleged that Baca is liable solely because he is the "lead sheriff."  That is insufficient to state  a claim against Baca under section 1983. See Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009)("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983.")(quoting Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002)).

Plaintiff cannot sue the CDCR for damages because it is a state agency and therefore is immune under the Eleventh Amendment.  See Brown v. California Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009). Accordingly, the FAC fails to state a federal claim arising from plaintiff's slip and fall.

**Assault**

Plaintiff alleges that he was "assaulted" when deputy sheriffs threw him out of a wheel chair "though [he] could not walk." [FAC 5].  Plaintiff alleges that: (1) Sergeant Jane Doe was on duty and "supervised the assault" ; (2) Sr. Deputy Rose was on duty and "directed the assault"; (3) Deputy Acuna was "on duty when he assaulted plaintiff"; (4) Deputy Medina was "on duty when he participated in the assault against plaintiff"; (5) Deputy Miller was "on duty and participated in the assault"; and (6) Deputy Williams was "on duty when he participated in the assault against plaintiff." [FAC 4a-4c].

4

When assessing an Eighth Amendment excessive force claim, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, — U.S.—, 130 S.Ct. 1175, 1178 (2010)(per curiam)(quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)).   Plaintiff's allegation that defendants "assaulted" him is a legal conclusion. A plaintiff, however, " must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999); see Iqbal,  29 S.Ct. at 1950 (stating that a complaint must contain more than legal conclusions to withstand dismissal for failure to state a claim).

Plaintiff has not alleged nonconclusory facts explaining what each defendant did or failed to do that amounted to the use of excessive force in violation of the Eighth Amendment. Therefore, the FAC does not state an Eighth Amendment excessive force claim.

**Racial slurs**

Plaintiff alleges that the defendant deputy sheriffs used "racial slurs" against him. "Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (stating that "verbal harassment generally does not violate the Eighth Amendment"), amended on other grounds, 135 F.3d 1318 (9th Cir. 1998).  Therefore, the FAC does not state a claim based on defendants' alleged use of racial slurs.

**Conditions of confinement**

Plaintiff alleges that he was denied food for one day and was deprived of a shower, soap, and toothpaste for five days. [FAC 5].

The Eighth Amendment's proscription against the unnecessary and wanton infliction of pain includes those sanctions that are "totally without penological justification." Rhodes v. Chapman, 452 U.S. 337, 346 (1981); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  An Eighth Amendment violation may exist when a defendant, acting with deliberate indifference, deprives a prisoner of the basic necessities of life, such as food, clothing, shelter, sanitation, medical care and personal safety.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Anderson v. County of Kern, 45 F.3d 1310, 1312-1313 (9th Cir. 1995), amended, 75

F.3d 448 (9th Cir.1995), cert. denied, 516 U.S. 916 (1995); Hoptowit, 682 F.2d at 1246.  The defendant "must know of and disregard an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Anderson, 45 F.3d at 1313 (internal quotation marks and alterations omitted)(quoting Farmer, 511 U.S. at 837).

As is true for any section 1983 claim, the plaintiff has the burden of pleading and proving that each defendant personally was involved in the constitutional violation, or that there was a sufficient causal connection between the defendant's wrongful conduct and the constitutional violation.  Redman v. County of San Diego, 942 F.2d 1435, 1446-1447 (9th Cir. 1991)(en banc), cert. denied, 502 U.S. 1074 (1992); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff alleges no facts plausibly suggesting that any named defendant was personally involved in causing the deprivations he described and knowingly disregarded an excessive risk of harm to plaintiff. Therefore, the FAC does not state an Eighth Amendment claim based on the alleged deprivation of food and other necessities.

**Medical treatment**

Plaintiff alleges that Nurse Placencia "deliberately neglected" plaintiff's "request for help" after he was injured. [FAC 4b].

To state a claim under the Eighth Amendment for inadequate medical care, a plaintiff must show that the defendant was deliberately indifferent to his serious medical needs. Helling v. McKinney, 509 U.S. 25, 32 (1993); Estelle v. Gamble, 429 U.S. 97, 106 (1976); Hallett v. Morgan, 296 F.3d 732, 744-745 (9th Cir. 2002). To establish deliberate indifference, a plaintiff must show that the defendant knew that the plaintiff faced a substantial risk of serious harm and disregarded the risk by failing to take reasonable measures to abate it.  Farmer, 511 U.S. at 847.

The FAC does not allege facts plausibly suggesting that Nurse Placencia knew that plaintiff faced a substantial risk of serious harm from his injuries and disregarded the risk by failing to take reasonable measures to abate it. Accordingly, the FAC does not state an Eighth Amendment claim against Nurse Placencia.

**Municipal liability under section 1983**

Plaintiff has sued defendants in their official as well as individual capacities. [See FAC 3-4c].

Official-capacity damages claims against individual municipal officers are claims against the municipality itself. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978). A municipality is a "person" under section 1983; however, a municipality "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691.   A municipality may be liable under section 1983 for monetary, declaratory, or injunctive relief where the constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690; see Bd. of the County Comm'rs v. Brown, 520 U.S. 397, 403-404 (1997).

The FAC fails to state a claim against Los Angeles County under Monell because it does not state a claim for an underlying violation of plaintiff's constitutional rights caused by an official county policy, decision, or custom. See Bias v. Moynihan, 508 F.3d 1212, 1223 (9th Cir. 2007)(holding that a section 1983 plaintiff's claims against a city lacked merit because her federal rights were not violated)(citing City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)(per curiam)(explaining that if an officer has not violated an individual's constitutional rights, "it is inconceivable that [the city] could be liable")); Jackson v. Bremerton, 268 F.3d 646, 653-654 (9th Cir. 2001)(holding that a municipality cannot be held liable under section 1983 where "no injury or constitutional violation has occurred");  Quintanilla v. City of Downey, 84 F.3d 353, 355 (9th Cir. 1996)(noting that a municipality is not liable under § 1983 for acts committed pursuant to municipal policy or custom unless the plaintiff shows that individual municipal officers violated his constitutional rights), cert. denied, 519 U.S. 1122 (1997).

**Title II of the ADA**

Plaintiff alleges that defendants' "assault" against him violated his rights under Title II of the ADA. [FAC 5].

Title II of the ADA prohibits a public entity, including state or county detention or correctional facilities, from discriminating against a qualified individual with a disability "by reason of such disability."

7

42 U.S.C. § 12132; <u>see</u> <u>Pennsylvania Dep't of Corr. v. Yeskey</u>, 524 U.S. 206, 213 (1998); <u>Pierce v. County of Orange</u>, 526 F.3d 1190, 1214 (9th Cir. 2008). In order to state a claim under Title II of the ADA, plaintiff must allege that (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of the prison's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the prison's service, programs, or activities, or was otherwise discriminated against by the prison; and (4) such exclusion, denial or discrimination was by reason of his disability. 42 U.S.C. § 12132; <u>McGary v. City of Portland</u>, 386 F.3d 1259, 1265 (9th Cir. 2004). An ADA plaintiff also "bears the burden of establishing, if needed, the existence of a reasonable accommodation that would enable him to participate in the program, service, or activity at issue." <u>Pierce v. County of Orange</u>, 526 F.3d 1190, 1217 (9th Cir. 2008)(internal quotation marks omitted). Inmates' rights under Title II of the ADA "must be analyzed in light of effective prison administration," considering, "with deference to the expert views of facility administrators, a detention or correctional facility's legitimate interests (namely, in maintaining security and order and operating an institution in a manageable fashion) when determining whether a given accommodation is reasonable." <u>Pierce</u>, 526 F.3d at 1217 (internal brackets, quotation marks, and citation omitted).

Section 1983 is not a vehicle to vindicate statutory rights secured by the ADA; rather, a plaintiff must sue under the ADA directly. <u>See</u> <u>Miranda B. v. Kitzhaber</u>, 328 F.3d 1181, 1187-1190 (9th Cir. 2003); <u>Vinson v. Thomas</u>, 288 F.3d 1145, 1156 (9th Cir. 2002), <u>cert. denied</u>, 537 U.S. 1104 (2003). State officials may be sued officially under Title II of the ADA for prospective injunctive relief and damages. <u>See</u> 42 U.S.C. § 12133; <u>United States v. Georgia</u>, 546 U.S. 151, 159 (2006); <u>see also</u> <u>Hason v. Medical Bd. of California</u>, 279 F.3d 1167, 1170-1171 (9th Cir. 2002), <u>cert. dismissed</u>, 538 U.S. 958 (2003). Plaintiff cannot recover damages under Title II of the ADA against the individual defendants in their individual capacity. <u>See</u> <u>Garcia v. S.U.N.Y. Health Sciences Center</u>, 280 F.3d 98, 107 (2d Cir. 2001); <u>St. Amand v. Block</u>, 2008 WL 3539996, at *6 (C.D. Cal. Aug. 13, 2008)(collecting cases).

Plaintiff's conclusory allegation that the "assault" violated his rights under the ADA does not satisfy his burden to plead facts plausibly suggesting that any defendant violated his rights under the ADA. Accordingly, the FAC fails to state a claim under Title II of the ADA.

**Conclusion**

The FAC fails to state a claim on which relief may be granted.  Plaintiff already has been given leave to amend once, and he did not file a legally sufficient amended complaint.  Since, however, it is not absolutely clear that plaintiff cannot amend his complaint to state a claim, the FAC is dismissed with leave to amend in accordance with the instructions given above. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

If plaintiff elects to file a second amended complaint as provided in the instructions contained at the beginning of this order, he should not include any claims that he cannot amend in accordance with the standards described in this order.

**IT IS SO ORDERED.**

April 26, 2010

ANDREW J. WISTRICH
United States Magistrate Judge

9